IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | |
| | | Criminal Action No. RDB-17-0655 |
| LAUREN MONTILLO, | * | (Related Civil Action No. RDB-21-398) |
| *Petitioner.* | | |
| | * | |

* * * * * * * * * * * * *

## **MEMORANDUM ORDER**

Petitioner Lauren Montillo ("Petitioner" or "Montillo") is a 51-year-old federal prisoner who is serving a 96-month sentence for conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 (Count One) and tax evasion in violation of 26 U.S.C. § 7201 (Count Fourteen). (Second Superseding Indictment, ECF No. 45; Judgment, ECF No. 102.) On November 19, 2018, Montillo pled guilty to one count of conspiracy to commit wire fraud and one count of income tax evasion. (Plea Agreement, ECF No. 79.) Waiving appeal of her convictions, she admitted that between 2010 and 2016, she participated in a wide-ranging advance fee scheme (Presentence Investigation Report ("PSR"), ECF No. 88 ¶¶ 11–29.) She also admitted that between 2012 and 2014, she failed to report income, resulting in her "evasion of a substantial amount of income taxes." (*Id.* ¶ 30) On April 12, 2019, this Court sentenced Montillo to a term of imprisonment of 96 months, a downward variance from her advisory guideline range of 108-135 months of imprisonment. (ECF No. 102; Statement of Reasons, ECF No. 103 at 1.) Despite a clear waiver of appeal pursuant to her plea agreement, she filed an appeal to the United States Court of Appeal for the Fourth Circuit four days later on April 16, 2019. (ECF No. 104.) That appeal was summarily dismissed by the Fourth Circuit

on October 9, 2019, noting her earlier waiver of the right to appeal. (ECF Nos. 131, 132.)

On February 17, 2021, Montillo, proceeding *pro se*, filed a handwritten, one-sentence petition referenced as a "2255 motion," alleging "violations of my [Fifth] Amendment Rights for Due Process, [Sixth] Amendment Ineffective [Assistance of] Counsel, and the violations of my [Tenth and Fourteenth] Amendments" (the "Petition" or "Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255"). (ECF No. 148.) That Petition has remained pending on the docket of this Court. On February 19, 2021, an Order was entered, noting that "no cognizable claim can be discerned" and that Petitioner would be provided with forms to supplement her Petition, which was interpreted to be a Motion to Vacate Pursuant to 28 U.S.C. § 2255. (ECF No. 149.) The same Order granted Montillo 28 days from the date of that Order to supplement her motion using the provided forms, forewarning that failure to do so would result in the dismissal of her civil case without further warning and without prejudice. (*Id.*) On March 19, 2021, in response to her request, (ECF No. 151), an Order was entered providing Petitioner additional time to appropriately supplement her motion. (ECF No. 152.) Specifically, Montillo was granted an extension to and including May 20, 2021. (*Id.*) Shortly thereafter, counsel entered his appearance "for the limited purpose of filing a compassionate release motion." (ECF No. 155.) Montillo's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) (ECF No. 158) was substantively denied by Memorandum Order of this Court on February 28, 2022. (ECF No. 174.)

Presently pending before this Court is Montillo's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 148), which Petitioner failed to

supplement. This Court recognizes that the Petitioner is *pro se* and has accorded her filing liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Under 28 U.S.C. § 2255, a prisoner in custody may seek to vacate, set aside, or correct his sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to a collateral attack. *Hill v. United States*, 368 U.S. 424, 426–27 (1962) (citing 28 U.S.C. § 2255). While Montillo complains of several constitutional violations and this Court has accorded her *pro se* pleadings liberal construction, no cognizable claim can be discerned as presented. As such, there is no cause for collateral review under § 2255. Accordingly, Montillo's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 148) is DENIED without prejudice.

## CERTIFICATE OF APPEALABILITY DENIED

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the Court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38

(2003). Because reasonable jurists would not find Montillo's claims debatable, a certificate of appealability is DENIED.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED this 12th day of July, 2023 that:

1. Petitioner Lauren Montillo's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 148) is DENIED without prejudice;

2. A Certificate of Appealability shall not issue and is DENIED;

3. The Clerk of the Court shall send copies of this Memorandum Order to the Petitioner and Counsel of record; and

4. The Clerk of this Court shall CLOSE this case (Civil Action No. RDB-21-398).

Dated: July 12, 2023

                                            /s/
                                    Richard D. Bennett
                                    United States District Judge